**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
*Bid Protest*

| | |
|---|---|
| PlanetSpace Inc., ) | |
|  ) | |
|     Plaintiff, ) | |
|  ) | No. 09-476C |
|  ) | Judge Block |
|     v. ) | |
|  ) | |
| United States of America, ) | |
|  ) | |
|     Defendant, ) | |
|  ) | |
| Space Exploration Technologies ) | |
| Corporation and Orbital Sciences ) | |
| Corporation, ) | |
|  ) | |
|     Defendant-Intervenors ) | |

**PLAINTIFF PLANETSPACE INC.'S CONDITIONAL OPPOSITION TO THE GOVERNMENT'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

The Government's motion to supplement proposes to include two additional documents in the administrative record: (1) an attachment to an e-mail already in the record at AR 25179, and (2) a document purporting to memorialize the results of an interagency review of Orbital's Taurus II launch vehicle during the 2007 Commercial Orbital Transportation Services ("COTS") contract competition.

PlanetSpace does not oppose the addition of the first document. However, PlanetSpace opposes the addition of the second document, designated in the Government's motion as Document 42-3, *unless* the Government is required also to supplement the record with other essential documents relevant to NASA's consideration of the foreign content of the Taurus II during the COTS competition. PlanetSpace requests that the Government be required to provide such supplementation by the close of business on Friday, September 25, 2009, so that

PlanetSpace can, as appropriate, address these materials in its reply brief in support of its motion for judgment on the administrative record and for permanent injunctive relief, which is due on Friday, October 2, 2009.

**Governing Legal Principle.** The Government must provide the complete administrative record.  *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("[R]eview is to be based on the full administrative record that was before the Secretary at the time he made his decision.")  Accordingly, the Government may not "skew the record in its favor by excluding pertinent…information," *Fund for Animals v. Williams*, 391 F.Supp.2d 191, 197 (D.D.C.2005), or documents, *American Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008).

PlanetSpace in this lawsuit challenges the International Space Station Commercial Resupply Services competition award to Orbital on the ground that, *inter alia*, NASA did not properly apply the National Space Transportation Policy.  That Policy provides that "United States Government payloads ***shall be launched on space launch vehicles manufactured in the United States, unless exempted*** by the Director of the Office of Science and Technology Policy, in consultation with the Assistant to the President for National Security Affairs."

As one of several, independent facets of this claim, PlanetSpace asserts that, to the extent NASA did consider the Space Policy in relation to the Orbital Taurus II rocket in connection with the earlier COTS procurement, that consideration was ineffective to comport with the requirements of the Space Policy in connection with the International Space Station Commercial Resupply Services competition, because there is evidence that the amount of non-US components in the Taurus II has increased since the COTS procurement.  *See* PlanetSpace Motion for Judgment at 30-31.

Document 43-2 was generated during the COTS procurement, and is apparently being submitted now by NASA to suggest that at least some individuals within the Office of Science and Technology Policy, along with other agencies, including NASA, considered the foreign content of the Taurus II launch vehicle for purposes of the COTS competition.

However, the document itself notes that the approval of that vehicle under the Space Policy was based only on the then "current configuration" of the Taurus II. *See* Document 43-2 at 4. The document notes that "[a]ny significant increase in non-US components from this proposed level could necessitate further review relative to the applicable provisions of [the National Space Transportation Policy]." *Id*. at 4 n. 1.

The problem with allowing this document to be admitted as a stand alone document, as the Government seeks, is that neither it nor the administrative record that has been submitted to the Court in this case contains information as to the Taurus II configuration at the time of the COTS procurement. Thus, by attempting to supplement the administrative record to include this single document from the COTS procurement, the Government has left out of the administrative record the information necessary to allow PlanetSpace to address with specificity the physical differences between the Taurus II at the time of the COTS competition and the time of the International Space Station Commercial Resupply Services competition.

In short, NASA has improperly failed to provide a complete administrative record, and skewed the information in its favor, *see* p. 2 *supra*.

Accordingly, PlanetSpace respectfully requests that the Court require that the Government supplement the record to include not only Document 43-2, but also the documentation created or reviewed in connection with the COTS procurement that indicates the

proposed configuration, sources of components, location of manufacture or assembly, and amount of foreign content of the Taurus II as of that time.

        Respectfully submitted,

        s/ Steven J. Rosenbaum
        Steven J. Rosenbaum
        *Counsel of Record*
        Derron J. Blakely
        Covington & Burling LLP
        1201 Pennsylvania Avenue, N.W.
        Washington, D.C.  20044
        (202) 662-5568
        (202) 778-5568 fax
        srosenbaum@cov.com

September 21, 2009        *Counsel for Plaintiff PlanetSpace Inc.*