*Protected Information to Be Disclosed Only In Accordance With U.S. Court of Federal Claims Protective Order*

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **PLANETSPACE INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-476C |
| ) | (Judge Lawrence J. Block) |
| **THE UNITED STATES,** ) | |
| ) | **BID PROTEST** |
| Defendant. ) | |
| ) | |
| **SPACE EXPLORATION** ) | |
| **TECHNOLOGIES CORPORATION,** ) | |
| ) | |
| Intervenor, and ) | |
| ) | |
| **ORBITAL SCIENCE CORPORATION,** ) | |
| ) | |
| Intervenor. ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Defendant, the United States, respectfully submits this opposition to the motion of plaintiff, PlanetSpace Inc. ("PlanetSpace"), to supplement the administrative record in this case. PlanetSpace has failed to demonstrate that supplementation is necessary. Rather, PlanetSpace seeks to introduce documents that the Source Selection Authority did not rely upon and that relate to facts not relevant to the issue presently before the Court – i.e., whether the National Aeronautics and Space Administration's ("NASA") had a rational basis for awarding two contracts to defendant-intervenors for Commercial Resupply Services ("CRS") to the International Space Station ("ISS").

By statute, the parties' ability to supplement the record is limited in the bid protest context. See 28 U.S.C. § 1491(b)(4). Section 1491(b)(4) of the Tucker Act requires the Court to "review the agency's decision pursuant to the standards set forth in section 706 of Title 5," of the

*Protected Information to Be Disclosed Only In Accordance With U.S. Court of Federal Claims Protective Order*

Administrative Procedure Act ("APA").  28 U.S.C. § 1491(b)(4).  It is well-settled that the APA does not permit the Court to undertake a <u>de</u> <u>novo</u> review of agency action, but rather limits the Court to a consideration of whether the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," based solely upon the record before the agency. 5 U.S.C. §§ 702, 706(2)(A).[1]

This Court's review of bid protests pursuant to this deferential standard is limited to the administrative record already in existence, "not some new record made initially by the reviewing court."  <u>See</u> <u>Camp v. Pitts</u>, 411 U.S. 138, 142 (1973).  The relevant inquiry therefore is the propriety of "the agency decision based <u>on the record the agency presents to the reviewing court</u>." <u>Axiom Resource Management, Inc. v. United States</u>, 564 F.3d 1374, 1380 (Fed. Cir. 2009) (quoting <u>Fla. Power & Light Co. v. Lorion</u>, 470 U.S. 729, 743-44 (1985) (emphasis in <u>Axiom</u>)). "The purpose of limiting review to the record actually before the agency is to guard against courts using new evidence to convert the arbitrary and capricious standard into effectively de novo review."  <u>Axiom</u>, 564 F.3d at 1380 (internal citation and quotations omitted).  Accordingly, "supplementation of the record should be limited to cases in which "the omission of extra-record evidence precludes effective judicial review."  <u>Axiom</u>, 564 F.3d at 1380.

Although PlanetSpace generally asserts that the documents it proposes for supplementation "are directly relevant to the decision-making at issue in this bid protest," PlanetSpace has not established that the procurement officials from NASA reviewed the documents at issue.  PlanetSpace represents that it received these documents from the Office of Science and Technology Policy ("OSTP") in response to its Freedom of Information Act

---

[1] Section 706(2) of the APA provides that, in reviewing the validity of agency action, "the court shall review the whole record or those parts of it cited by a party."  5 U.S.C § 706(2).

*Protected Information to Be Disclosed Only In Accordance With U.S. Court of Federal Claims Protective Order*

("FOIA") request for documents related to OSTP's consideration of the application of the United States Space Transportation Policy to launch vehicles proposed to be used in connection with NASA's ISS CRS procurement or the Commercial Orbital Transportation Services ("COTS") procurement. These documents memorialize OSTP's deliberations concerning Orbital Science Corporation's ("Orbital") Taurus II in connection with the COTS procurement and includes correspondence between OSTP and Orbital. For the purposes of this bid protest, however, the information contained in the documents is not relevant to determine the legality of NASA's decision unless this information was before the NASA's decision-makers for the ISS CRS procurement.

      With regard to PlanetSpace's request to cite to the OSTP FOIA documents, the Government objects to citing this correspondence because neither the Source Evaluation Board ("SEB") nor the Source Selection Authority ("SSA") used this correspondence in their decision making. The SSA relied upon the SEB's findings for each proposal and his oral discussions with the SEB as described in his Source Selection Statement. The SEB also did not use this correspondence in their assessment of Orbital's compliance with the United States Space Transportation Policy at the time of contract award, as described in the memorandum to the contracting file from Lynn Cline. AR6316. These documents relate to a <u>different procurement</u>, were not considered by the SEB or SSA, and have no relevance to this particular acquisition.

      Further, as we explained in our briefs filed pursuant to Rule 52.1, and our reply brief in support of our motion to correct the record (filed September 24, 2009), the existing record, as well as the documents with which we corrected the record, already provide a detailed explanation that the OSTP had informed NASA that the Taurus II rocket was eligible to launch United States payloads without additional exemptions or waivers. Exhibit 2 to our Motion to Correct the

*Protected Information to Be Disclosed Only In Accordance With U.S. Court of Federal Claims Protective Order*

Record (filed contains the OSTP's report, "Summary of Conclusions Regarding Launch of USG Payloads on Taurus II Vehicle." In this report, the OSTP addressed whether:

> the proposed Taurus II launch vehicle being developed by [Orbital] . . . should be eligible to launch U.S. Government (USG) payloads without additional waivers or exemptions in the context of Section V(1)(a) of the U.S. Space Transportation Policy.

Defendant's Motion to Correct the Record, filed on September 17, 2009, Ex. 2 at AR31791. The OSTP concluded:

> No further action will be required via this process for implementation of this approach. With this guidance, [United States Government] agencies have the ability to pursue the use of the Taurus II launch vehicle through standard agency means and procedures, if so desired.

Ex. 2 at AR31792; see also AR6457; AR6550-51. As the record already provides a reasonable explanation that Orbital's proposed use of the Taurus II rocket complied with United States Space Transportation Policy, there is no need, or basis, to augment the record. Axiom, 564 F.3d at 1381 (record supplemented "only if the existing record is insufficient to permit meaningful review consistent with the APA.").

Finally, setting aside that plaintiff has failed to provide a legal justification for supplementing the record, we observe that many of the documents proposed for supplementation are blank pages, or are earlier drafts of documents that are in the record or that we have already indicated should be included in the record. See Ex. 1 & 2, Defendant's Motion to Correct the Record. These documents are irrelevant in any event.

4

*Protected Information to Be Disclosed Only In Accordance With U.S. Court of Federal Claims Protective Order*

Accordingly, for the reasons set forth above, we respectfully oppose plaintiff's motion for leave to supplement and request that the Court deny this motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | TONY WEST<br>Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
|  | s/ Alan J. Lo Re<br>ALAN J. LO RE<br>Assistant Director |
| OF COUNSEL | s/ William G. Kanellis<br>WILLIAM G. KANELLIS |
| STACEY K. GRIGSBY<br>Trial Attorney<br>Civil Division | Trial Attorney<br>Commercial Litigation Branch<br>Department of Justice<br>8th Floor |
| VINCENT A. SALGADO<br>Senior Attorney<br>Office of General Counsel<br>NASA Headquarters | 1100 L Street, N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 353-0526<br>Facsimile: (202) 514-8640 |
| October 19, 2009 | Attorneys for Defendant |

*Protected Information to Be Disclosed Only In Accordance With U.S. Court of Federal Claims Protective Order*

## CERTIFICATE OF FILING

I hereby certify that on the 19th day of October, 2009, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    s/ Stacey K. Grigsby