**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
*Bid Protest*

| | |
|---|---|
| PlanetSpace Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09-476C |
| ) | Judge Block |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| Space Exploration Technologies ) | |
| Corporation and Orbital Sciences ) | |
| Corporation, ) | |
| ) | |
| Defendant-Intervenors ) | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF PLANETSPACE INC.'S MOTION FOR LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Plaintiff PlanetSpace Inc. submits this reply brief in support of its Motion for Leave to Supplement the Administrative Record, filed on October 2, 2009.[1]

The documents that PlanetSpace seeks to have added to the administrative record demonstrate that the Office of Science and Technology Policy ("OSTP") has no written records whatsoever concerning any determination by it regarding whether the launch vehicle proposed to be used by Orbital Sciences Corporation in connection with NASA's International Space Station Commercial Resupply Services procurement is in compliance with the United States Space

---

[1] During the October 15, 2009 status conference, PlanetSpace stated that it would not file a reply in support of this motion, assuming the parties would be proceeding with oral argument on October 23, 2009 on the cross motions for judgment on the pleadings. That argument was subsequently rescheduled for November 10, 2009.

- 1 -

Transportation Policy ("Space Policy"). This is a critical fact in light of the legal requirement that NASA obtain a determination from the OSTP regarding Space Policy compliance before making an International Space Station Commercial Resupply Services contract award. *See* PlanetSpace Mem., filed Aug. 28, 2009, at 27-31; PlanetSpace Reply, filed Oct. 2, 2009, at 17; AR 1953, 1972 (stating that Space Policy compliance was a "minimum requirement" for bidders). Records showing that NASA failed to carry out this requirement are directly relevant to the Space Policy compliance issue (Count V of the PlanetSpace Complaint).

NASA relies upon the OSTP having addressed the Space Policy in relation to Orbital's Taurus II rocket in connection with the earlier Commercial Orbital Transportation Services ("COTS") procurement. Govt Mot., filed Sept. 17, 2009, at 1-2. But this earlier approval was explicitly based on the then "current configuration" of the Taurus II rocket (AR 31791), and no effort was undertaken to obtain OSTP's determination whether the configuration of the Taurus II rocket that Orbital proposes for the International Space Station Commercial Resupply Services procurement would comply the Space Policy.

Indeed, the OSTP materials that PlanetSpace seeks to have admitted make explicit that OSTP's earlier approval in connection with COTS had been based in part on the "extensive modification[s]" to be made by a U.S. company (Aerojet) to the Russian-made NK-33 engines to be used in Orbital' Taurus II (AR 31803), but there is substantial reason to believe that Orbital is no longer using rockets substantially modified in the United States, Orbital Mem., filed Sept. 18, 2009, at 25, 30, & n.1.

Specifically, as PlanetSpace explained in its October 2, 2009 Reply Brief, Orbital appears to have replaced the NK-33 engines that were to be extensively modified with an entirely Russian made engine. PlanetSpace Reply, filed Oct. 2, 2009, at 18. Rather than denying that

such a change was made, Orbital simply states that there is "no support in the record" to prove this charge.  Orbital Reply, filed Oct. 16, 2009, at 15 n.3.  Moreover, the Government's self-serving averment that any changes to Orbital's launch vehicle are not "material" (Govt Reply, filed Oct. 16, 2009, at 11) only illustrates NASA's critical failure to bring the relevant facts to the attention of the OSTP for its definitive assessment as required by the Space Policy.[2]

The Government's contention that the Court should not be allowed to receive the evidence demonstrating this failure is not well taken.  "[W]hen the plaintiff alleges that the agency failed to take into consideration all relevant factors, the court may need to look outside the record to determine what matters the agency should have considered but did not."  *Morongo Band of Mission Indians v. FAA*, 161 F.3d 569, 573 (9th Cir. 1998); *accord Lion Raisins, Inc. v. United States*, 51 Fed. Cl. 238, 244 (2001) ("[a] party may supplement the administrative record when necessary to prove that evidence not in the administrative record…should have been considered [and] is evidence without which the court cannot fully understand the issues").

This is exactly the situation presented here, and the rule of law allowing supplementation of the administrative record for these purposes was not changed by the Federal Circuit's decision in *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374 (Fed. Cir. 2009), *see Global Computer Enterprises, Inc. v. United States*, 88 Fed. Cl. 52, 61-62 (2009) (endorsing this rule post-*Axiom*).

PlanetSpace's position is straightforward: NASA's award to Orbital was arbitrary and capricious, and not in accordance with law, because the agency failed to obtain a

---

[2]  In addition, NASA neglected to secure any formal determination from an appropriate OSTP official that Orbital's cargo vehicle, which it proposed to have manufactured outside the U.S. with components from several foreign countries, AR 10013, 29281, also would comply with the Space Policy.  PlanetSpace Mem., filed Aug. 28, 2009, at 27-31; PlanetSpace Reply, filed Oct. 2, 2009, at 18-19.

determination from the OSTP that Orbital's proposed Taurus II rocket and cargo vehicle would comply with the Space Policy. The documents which PlanetSpace seeks to have added to the administrative record, which demonstrate the absence of appropriate OSTP consideration of that issue in connection with the International Space Station Commercial Resupply, and of the important limitations to OSTP's approval that was given during COTS, are direct evidence of NASA's legal failures, and thus directly relevant to this Court's resolution of this matter. *See Totolo/King v. United States*, 87 Fed. Cl. 680, 692-93 & n.7 (2009) (explaining, in a post-*Axiom* decision, that a party may supplement the administrative record with evidence necessary to show that the agency failed to take action that it should have taken); *accord Red River Holdings, LLC v. United States,* 87 Fed. Cl. 768, 788 n. 28 (2009), *citing RhinoCorps Ltd. v. United States*, 87 Fed. Cl. 261, 272-73 (2009) (both post-*Axiom* decisions).[3]

        Furthermore, the fact that the documents that PlanetSpace seeks to have added to the administrative record come from a sister agency's files is not grounds to exclude them. *See Clairton Sportmen's Club v. Pennsylvania Turnpike Commission*, 882 F. Supp. 455, 465 (W.D. Pa. 1995) (including documents from a cooperating federal agency in the administrative record, and explaining that "[a] document need not literally pass before the eyes of the final agency decisionmaker to be considered part of the administrative record"); *Wade v. Dole*, 631 F. Supp.

---

[3] The Government also challenges the relevance of these documents to this Court's review of the International Space Station Commercial Resupply Services procurement on the basis that they "memorialize OSTP's deliberations concerning [Orbital's] Taurus II in connection with the COTS procurement." Govt Opp., filed Oct. 19, 2009, at 3. But the salient points made by the documentation are the complete absence of any comparable OSTP analysis in connection with the International Space Station Commercial Resupply Services contract, and the limitations OSTP itself placed on its COTS approval. Moreover, the Government makes not effort to reconcile its position here with its own recent effort to supplement the administrative record with an "inter-agency memorandum" from the COTS procurement. Govt Mot., filed Sept. 17, 2009, at 2. The Government cannot selectively choose for inclusion in the administrative record only those COTS materials it finds helpful to its case.

1100, 1107 (N.D. Ill. 1986) ("Due to the complex nature of the decision making process in this case, the record 'before the Secretary' must include 'all documents and materials directly or indirectly considered by agency decision-makers.' *Exxon Corp. v. Dept. of Energy,* 91 F.R.D. 26, 33 (N.D. Tex. 1981). To this end, we permitted the plaintiff to supplement the record submitted by the federal defendants with relevant documents from the files of IDOT and other state agencies that played a significant role in the decisionmaking process.").

For these reasons, PlanetSpace's motion for leave to supplement the administrative record should be granted.

Respectfully submitted,

s/ Steven J. Rosenbaum
Steven J. Rosenbaum
*Counsel of Record*
Derron J. Blakely
Scott A. Freling
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20044
(202) 662-5568
(202) 778-5568 fax
srosenbaum@cov.com

October 20, 2009                              *Counsel for Plaintiff PlanetSpace Inc.*