IN THE UNITED STATES COURT OF FEDERAL CLAIMS
*Bid Protest*

| | |
|---|---|
| PlanetSpace Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09-476C |
| ) | Judge Block |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| Space Exploration Technologies ) | |
| Corporation and Orbital Sciences ) | |
| Corporation, ) | |
| ) | |
| Defendant-Intervenors ) | |
| ) | |

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING TO INFORM THE COURT OF DEVELOPMENTS BEARING ON THE PUBLIC INTEREST**

Pursuant to Court of Federal Claims Rule 15(d), PlanetSpace moves for leave to file this supplemental pleading to inform the Court of recent developments relating to NASA's International Space Station resupply activities, which are relevant to the "public interest" component of PlanetSpace's request for injunctive relief. *See, e.g., Totolo/King v. United States*, 87 Fed. Cl. 680, 693 (2009).

Yesterday, February 1, 2010, President Barrack Obama released his proposed FY2011 Budget of the United States Government. *See* Fiscal Year 2011 Budget, *available at http://www.whitehouse.gov/omb/budget/fy2011/assets/budget.pdf*. This FY2011 budget contains two significant changes to NASA's mission, which underscore the public interest in correcting NASA's violations of legal and regulatory requirements that occurred during the International Space Station Commercial Resupply Services procurement.

First, the FY2011 Budget eliminates NASA's Constellation program in its entirety, including NASA's Ares I and Ares V launch vehicles.  *See* Fiscal Year 2011 Budget at 129.  These vehicles had been intended to replace the Space Shuttle's operational capability by 2015, including both International Space Station Commercial Resupply Services and crew missions.  Second, the FY2011 Budget extends funding for International Space Station operations until at least 2020.  *See* Statement of NASA Administrator Charles Bolden on FY 2011 Budget at 2, *available at* *http://www.nasa.gov/pdf/420994main_2011_Budget_Administrator_Remarks.pdf*.

Given the Space Shuttle retirement later this year, these budgetary changes mean that commercial space providers will now be expected to fulfill not only the previously anticipated gap in NASA's ability to deliver cargo to the International Space Station during the period between Shuttle retirement and Ares readiness, but *all* of NASA's International Space Station cargo and crew delivery needs for at least the next ten years.  To that end, the FY2011 Budget commits an additional $6 billion over five years to commercial space, including manned launch services.  *See* FY2011 Budget at 129.

Because the FY2011 Budget envisions a long-term relationship between the federal government and commercial space launch providers -- indeed, a total reliance upon them -- supported by several billion dollars of additional taxpayer money, it is essential to the public interest that NASA's initial selection of International Space Station Commercial Resupply Services contractors comport with law and regulation.  Failure to do so has the potential to stunt the development of the now even more critical commercial space industry, and endanger program success.

Moreover, one of the principal objections to injunctive relief raised by the Government has been eliminated through the FY2011 Budget. The Government contended that should PlanetSpace be awarded a contract as a result of remand, it was "extremely doubtful" that it could provide these services by the scheduled completion dates.[1] Even assuming that position was previously correct,[2] and even ignoring the serious questions surrounding the awardees' own ability to meet scheduled completion dates, which the Government itself acknowledges,[3] those scheduled completion dates were bounded by NASA's expectation that the International Space Station would cease operations in 2016.

The FY2011 Budget removes this constraint. NASA would be free on remand to address delivery dates to comport with the new realities if it were to determine that PlanetSpace is entitled either to displace one of the incumbent contractors or be granted a third award. Likewise, the FY2011 Budget's commitment of several billion dollars to commercial space programs removes any doubt that money would be available for such a third award. For example, the FY2011 budget adds $312 million for commercial cargo activities in 2011 alone. *See* NASA FY2011 Budget Overview at 10, *available at* *http://www.nasa.gov/pdf/420990main_FY_201_%20Budget_Overview_1_Feb_2010.pdf*. All large commercial cargo contract activities to date have been fixed price, and thus this is presumably additional money for new cargo activities.

---

[1]   *See* September 25, 2009 Defendant's Response to Plaintiff's Motion for Judgment Upon the Administrative Record, and Cross Motion for Judgment Upon the Administrative Record ("Def. Response"), at 47.

[2]   *But see* Sept. 3, 2009 Memorandum in Support of Plaintiff's Motion for Judgment on the Administrative Record and for Permanent Injunctive Relief, at 40-42; Oct. 8, 2009 Combined Reply Memorandum in Support of Plaintiff PlanetSpace Inc.'s Motion for Judgment on the Administrative Record and for Permanent Injunctive Relief, and in Opposition to the Government's and Intervenor's Cross Motions, at 28.

[3]   *See* Def. Response at 47.

In addition, because of the natural advantage of incumbent contractors in follow-on procurements, very few companies other than the International Space Station Resupply Services contractors will be able realistically to compete in new procurements for the same services (or perhaps even the new commercial crew services). Thus, a legally infirm selection process will have unfairly restricted competition for future government business. Competition is crucial to reducing prices to the Government in all areas, but especially where, as here, the services can only be provided by a very small number of commercial operations.

Similarly, because the FY2011 Budget eliminates NASA's own baseline vehicles, the Ares I and Ares V, it has no back-up plan to reduce cost. Total reliance on two as yet unproven commercial contractors, without a backup, increases the risk of program failure, and a concomitant failure of the US to meet its international obligations to resupply the International Space Station. Remand here will allow NASA to consider whether issuing a third award would mitigate both cost risk and program risk to the Agency and taxpayers.

Accordingly, a remand here would serve the public interest. *See Wackenhut Servs., Inc. v. United States*, 85 Fed. Cl. 273 (2008) (public interest is served by reprocurement).

        Respectfully submitted,

        s/ Steven J. Rosenbaum
        Steven J. Rosenbaum
        *Counsel of Record*
        Derron J. Blakely
        Scott A. Freling
        Covington & Burling LLP
        1201 Pennsylvania Avenue, N.W.
        Washington, D.C. 20044
        (202) 662-5568
        (202) 778-5568 fax
        srosenbaum@cov.com

February 2, 2010        *Counsel for Plaintiff PlanetSpace Inc.*