IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| PLANETSPACE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-476 C |
| ) | (Judge Lawrence J. Block) |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| SPACE EXPLORATION ) | |
| TECHNOLOGIES CORPORATION, ) | |
| ) | |
| Intervenor, and ) | |
| ) | |
| ORBITAL SCIENCE CORPORATION, ) | |
| ) | |
| Intervenor. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING**

Pursuant to Rule 7 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this response to the motion for leave to file a supplemental pleading submitted by plaintiff, PlanetSpace, Inc.

In its motion, plaintiff urges the Court to consider a budget proposal submitted by President Obama, which it claims "contains" two changes to NASA's mission that bear upon the public interest. Mot. 1. Plaintiff claims that this budget proposal will increase the demand for commercial space providers, which in turn would permit NASA to recalibrate its mission needs, which in turn would permit NASA to award a new contract to PlanetSpace. Id. at 2-3.

The argument within plaintiff's motion is built entirely upon conjecture, advances a host of mistaken assumptions, and betrays elementary principles of Government contracting. As plaintiff's arguments add nothing of merit to this proceeding, we oppose plaintiff's motion.

First, and foremost, plaintiff's motion is irrelevant to the procurement at issue in this case. Plaintiff alludes to a budget proposal for Fiscal Year 2011. This has nothing to do with the funds already authorized by law and committed to the contracts at issue in this protest.

Second, plaintiff errs because an initial White House budget proposal is not a commitment of funds signed into law. Plaintiff's motion is built upon speculation that this budget proposal will remain intact throughout the budget and appropriations process. This assumption is unrealistic. But even if this assumption were reasonable, the budget for Fiscal Year 2011 is inchoate, and as such, is immaterial to this proceeding.

Third, even assuming this budget proposal for Fiscal Year 2011 was somehow relevant to funds allocated and contracts made in 2009, plaintiff's motion offers no coherent reason for introducing this fact into this proceeding. Plaintiff casts the Government's reliance upon commercial space providers as a "new" phenomenon, and follows with the unremarkable statement that because this program relies upon taxpayer funds, "it is essential to the public interest that NASA's initial selection of International Space Station Commercial Resupply Services contractors comport with law and regulation." Id. at 2. Contrary to plaintiff's suggestion, (1) NASA's reliance upon commercial providers is nothing new, and (2) it has always been the case that a public interest lies in the correct application of laws and regulation. The President's proposed budget – inchoate as it is – supplies no additional meaning to this elementary tenet, or its application in this case.

Fourth, plaintiff's motion misstates Government contracting principles and this Court's authority to resolve bid protests. Depending upon the circumstance, during this litigation plaintiff's prayer for relief has oscillated between seeking complete and total injunctive relief, to

an unrealizable scenario where the Government re-bids the contract while the extant contractors continue performance (notwithstanding that they have no contract), to a third, amorphous remedy wherein the Court orders that the Government award a third contract to PlanetSpace. Plaintiff's latest motion carries this third scenario even further, postulating that the President's budget commits additional funds that "removes any doubt that money would be available for such a third award." Mot. 3. Plaintiff's belief that the Government could award a third contract to PlanetSpace – or that this has any bearing upon the Court's decision in this case – based upon an unrealized budget proposal is as contrary to law as it is, at best, speculative. See 31 U.S.C. § 1341(a)(1)(B) (a Government agent may not "involve either government in a contract or obligation for the payment of money before an appropriation is made unless authorized by law").

      Fifth, PlanetSpace's motion proceeds upon misstatements of fact, two of which bear mention. First, it suggests that the proposed budget alters scheduled contract completion dates. Mot. 3. This suggestion is false. Contract timelines remain the same. Second, PlanetSpace suggests that commercial space services "can only be provided by a very small number of commercial operations." Mot. 4. This is simply not the case. There are multiple private companies capable of meeting NASA's space transportation needs, and competition is robust.[1] See, e.g., Sam Verhovek, "In 2010, The Civilian Space Industry Finally Takes Off," Popular Science, January, 2010 (www.popsci.com/technology/article/2009-12/space-inc). Contrary to plaintiff's account, all evidence depicts that competition for NASA's services is active and fluid.

---

[1] Indeed, competition is such that a recent survey of the top 15 private space companies ranked SpaceX and Orbital second and third, respectively. PlanetSpace, by contrast, was not mentioned in the ranking. "Ranking the Players In the Private Race to Space" Popular Mechanics, January 2010 (www.popsci.com/ technology/article/2009-12/ ranking-players-private-race-space).

Finally, there are prudential reasons for rejecting PlanetSpace's motion, which was submitted nearly three months after this Court heard arguments on dispositive motions. Notably, it would be in the Government's litigation interest to introduce additional evidence on the equities. For example, to bolster our argument that the existing contract awards will offer a higher likelihood that the contract is executed in a timely manner, we could point to the fact that SpaceX has recently successfully completed testing that reflects favorably upon the likelihood that it will meet contract deadlines. See Joe Papalardo, "Private Space on Pace to Run NASA's Space Supply" Popular Mechanics January 6, 2010 (www.popularmechanics.com/science/air_space/4341617.html) (noting SpaceX's successful firing of the rocket engine that will propel its cargo to the ISS;  observing that Orbital is "also making good progress"). Although supplemental pleadings would serve our advantage, there exists a greater interest in judicial efficiency. For the Court to continuously entertain and weigh new evidence and arguments would protract the proceeding and delay resolution. In the interest of finality, absent a compelling justification, there should be some limit upon supplementation after arguments have closed. In this case, PlanetSpace had eleven months to marshal evidence in support of its arguments before this Court. Its *ex-post* identification of a first-draft budget proposal for an appropriation that bears no relationship to the contract at issue does not add to its case.

For the reasons stated above, we oppose plaintiff's motion to file a supplemental pleading.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | TONY WEST<br>Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
|  | s/ Alan J. Lo Re<br>ALAN J. LO RE<br>Assistant Director |
| OF COUNSEL: |  |
| STACEY K. GRIGSBY<br>Trial Attorney | s/ William G. Kanellis<br>WILLIAM G. KANELLIS<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>Attn:  Classification Unit,<br>        8th Floor<br>1100 L Street, N.W.<br>Washington, D.C. 20530<br>Tel:  (202) 353-0526<br>Fax: (202) 514-8640 |
| Dated:  February 16, 2010 | Attorneys for Defendant |

<u>CERTIFICATE OF FILING</u>

I hereby certify that on February 16, 2010, a copy of "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>     s/ William G. Kanellis     </u>