IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Bid Protest

| | |
|---|---|
| PlanetSpace Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| United States of America, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| Space Exploration Technologies | ) |
| Corporation and Orbital Sciences | ) |
| Corporation, | ) |
| | ) |
| Defendant-Intervenors | ) |
| | ) |

No. 09-476C
Judge Block

**REPLY BRIEF IN SUPPORT OF PLANETSPACE'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING TO INFORM THE COURT OF DEVELOPMENTS BEARING ON THE PUBLIC INTEREST**

The President's FY 2011 Budget clearly bears on the public interest in this case, and Plaintiff's motion for leave to file a supplemental pleading informing the Court of this development should be granted.

The Government's opposition never seriously contests that the FY 2011 Budget's cancellation of the Constellation program (including the Ares launch vehicles and Orion capsule); extension of the International Space Station by at least four years from 2016 to 2020; and retirement of the Space Shuttle later this year, will require NASA to rely almost entirely on commercial space providers to provide mission capability to Low Earth Orbit and the International Space Station. These changes will require commercial space providers to, among other things, fulfill all of NASA's International Space Station cargo and crew delivery needs for at least the next ten years. These changes will have serious impacts on how NASA goes about

- 1 -

its statutory mission, and undercuts several of NASA's objections to the requested injunctive relief, *see* PlanetSpace Motion for Leave 2-4.

While the Government argues that the public interest inquiry in this case is bounded by "funds already authorized by law and committed to the contracts at issue in this protest," Gov. Opp. 2, it cites no authority for this proposition, nor could it.  Indeed, accepting the Government's argument would mean that this Court is forbidden in any bid protest from inquiring into facts bearing on future, unfunded years of the contract(s) under challenge.  This Court has never so held in any bid protest case.

The contracts at issue here, like most government contracts, are not fully funded for their entire performance period, as a result of the limitations of funds clauses in the contracts, *see* AR 5802-04 (Space X) and 6186-88 (Orbital), and the Anti-Deficiency Act, *see* 31 U.S.C. § 1341(a)(1)(B).  Instead, the contracts here are only funded through September 30, 2011, at the latest.  *See* Pub. Law 111-117, § 219(a), *text available* as H.R. 3288 (enrolled)(providing that space operations appropriations funds may be available through September 30, 2011 and providing specific usage limitations).  Yet the Government has argued strenuously about schedule impacts beyond September 30, 2011.  *See, e.g.,* Sept. 3, 2009 Memorandum in Support of Plaintiff's Motion for Judgment on the Administrative Record and for Permanent Injunctive Relief, at 47-48; Exh. A at Para. 7.

The Government's suggestion (Gov. Opp. 2) that reliance on commercial providers is nothing "new," and that complete reliance on them purportedly does not affect the public interest calculus or increase the risks identified in PlanetSpace's motion, ignores that NASA previously had always had in-house one or more proven baseline launch vehicles.  The FY 2011 Budget eliminates entirely NASA's baseline vehicle, leaving no in-house back-up plan

for the performance of two commercial launch providers, neither of which has demonstrated mission capability.

Furthermore, a legally infirm selection process here has the potential unfairly to restrict future competitions, *see* PlanetSpace Motion for Leave 4.  The factual predicate for the Government's contrary position -- that there are numerous private entities capable of performing competing for future International Space Station resupply or crew contracts -- is based on a list of the "top 15" commercial space companies posted in an online magazine article, *see* Gov. Opp 3 n.1.  Tellingly, this "top 15" list does not include any of the three largest US commercial space companies, PlanetSpace team members Lockheed Martin, Boeing, and ATK.  *See* "Ranking the Players In the Private Race to Space," Popular Mechanics, January 2010 ([www.popsci.com](www.popsci.com)/technology/article/2009-12/ranking-players-private-race-space).  Moreover, the list is on its face inapt, given that only three entities even submitted bids for the present multi-billion dollar procurement, and the only two on the "top 15" list that did so are Orbital and Space X.

Furthermore, despite the Government's now oft-repeated contention to the contrary, *e.g.*, Gov. Opp. 2-3, PlanetSpace has not changed its requested relief at any stage of this proceeding.  PlanetSpace continues to seek a remand to NASA for a reprocurement, during which NASA can consider a third award.  PlanetSpace has not asked the Court to enjoin contract performance during this reprocurement, nor has it asked the Court to compel NASA to issue a third award.  Contrary to the Government's ipse dixit, *see* Gov. Opp. 3, this Court clearly has the power to remand this case back to NASA for a reprocurement while the present awardees continue performance.  *See AshBritt, Inc. v. United States*, 87 Fed. Cl. 344, 380 (2009).

Likewise, NASA has always had the power to issue a third International Space Station Resupply contract, and the Government's citation of the Anti-Deficiency Act (Gov. Opp. 3) is misplaced.  The International Space Station Resupply Request for Proposals explicitly allowed for multiple awardees, with no cap on the number of awards.  *See* AR 1444.  In addition, the Request for Proposals made clear that each contract would be contingent on the availability of appropriated funds in future fiscal years.  *See* AR 1323-24.  Thus, NASA has the contract authority to award a third multi-year ISS CRS contract on reprocurement without violating the Anti-Deficiency Act.  *See* 31 U.S.C. § 1341(a)(1)(B) (Agency may not "involve ... government in a contract or obligation for the payment of money before an appropriation is made unless authorized by law") (emphasis added).  Moreover, the President's FY 2011 budget reinforces that there would be ample funding for a third commercial space participant in ISS CRS operations throughout the current contract period.[1]

In short, the FY 2011 Budget, and the changes in NASA mission focus that will follow, are clearly relevant to the public interest, and Planet Space's motion for leave to bring these developments to the Court's attention should be granted.[2]

---

[1]    Contrary to the Government's contention, *see* Gov. Opp. 4, PlanetSpace did not state that the President's FY 2011 budget itself changed current contract schedules, but rather that "NASA would be free on remand to address delivery dates to comport with the new realities if it were to determine that PlanetSpace is entitled either to displace one of the incumbent contractors or be granted a third award."  PlanetSpace Motion for Leave 3.  The Government does not contend that either of the incumbent awardees will meet their original delivery dates, *see* Gov. Opp. 4 and n. 2 *infra*.

[2]    While beyond the scope of the relief sought by PlanetSpace's motion, the Company cannot leave un-remarked the Government's suggestion that it could, if is so chose, itself file a supplemental pleading, which would purportedly bring to the Court's attention important information regarding the incumbents' "progress" on meeting their contractual milestones, including those contained in their underlying COTS contracts.  *See* Gov. Opp. 4.  But the news articles the Government cites hardly tell the whole story, *see, e.g.,* Worldwide Launch Schedule available at http://spaceflightnow.com/tracking/index.html (showing that first launch of Space

Respectfully submitted,

s/ Steven J. Rosenbaum
Steven J. Rosenbaum
Counsel of Record
Derron J. Blakely
Scott A. Freling
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20044
(202) 662-5568
(202) 778-5568 fax
srosenbaum@cov.com

February 22, 2010                         Counsel for Plaintiff PlanetSpace Inc.

---

X's Falcon 9 has been delayed twice since November 20, 2009 oral argument); Orbital Gives Update on Taurus II Rocket Development, Spaceflight News, Jan. 20, 2010, available at http://spaceflightnow.com/news/n1001/20taurus2/ (stating that delivery of engines has been delayed 1-year from original delivery date, and quoting Orbital Senior Vice President as saying that only if things go "really, really well" will Orbital make its March 2011 first launch date).