# United States Court of Federal Claims

No. 09-476 C
**April 15, 2010**
**UNPUBLISHED**

**PlanetSpace Inc.,**

    *Plaintiff*,

v.

**United States of America,**

    *Defendant*,

**Space Exploration Technologies Corporation,**

    *Intervenor*, and

**Orbital Sciences Corporation,**

    *Intervenor*.

## ORDER

On April 6, 2010, the court issued a sealed opinion in this matter, and afforded the parties an opportunity to propose redactions before publication of the opinion. On April 14, 2010, plaintiff filed, "on behalf of all the parties," the parties' "consolidated proposed redactions." Pl.'s Mot. to Redact at 1. The parties' apparent agreement, however, does not settle the matter, especially given the overly broad extent of the proposed redactions.

There is, after all, a "presumption of public access to judicial records." *Baystate Techs., Inc. v. Bowers,* 283 Fed. Appx. 808, 810 (Fed. Cir. 2008) (Table) (citing *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 9 (1st Cir. 1998)); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (assuming that the "common-law right of [public] access" applied to the tape recordings in that case). As the Supreme Court observed in *Nixon*, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." 435 U.S. at 597. This right "extends, in the first instance, to materials on which a court relies in determining the litigants' substantive rights." *FTC v. Standard Fin. Mgmt. Corp.,* 830 F.2d 404, 407 (1st Cir. 1987) (internal citations and quotation marks omitted).

To be sure, the public's "right to inspect and copy judicial records is not absolute." *Nixon,* 435 U.S. at 589. "Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat [public] access." *Siedle*, 147 F.3d at 10. Therefore, in determining whether initially sealed court records should *remain* sealed, and the information therein permanently withheld from the public, "the court must balance the privacy interests of the parties against the public interest in access to the . . . information." 283 Fed. Appx. at 810 (remanding to the trial court for the

- 2 -

requisite balancing); *see also Madison Servs., Inc. v. United States*, __Fed. Cl. __, 2010 WL 1221304 at *11–12 (2010). While the parties' agreement, in this instance, satisfies the court that the parties have balanced their *own* competing interests, it remains the duty of the court to balance those collective interests against the public's interest in access.

Unfortunately, without additional information from the parties, the court cannot perform this necessary balancing. In many instances, the court cannot fathom what legitimate privacy interest is implicated by the information that the parties have proposed for redaction, or how the protection of such information is contemplated by the protective order in this case, *see* Prot. Order ¶ 1. For example, the parties propose the redaction of several block quotes taken from testimony adduced by the Source Selection Authority ("SSA") during plaintiff's prior protest, *PlanetSpace, Inc.*, B-401016 *et al.*, 2009 CPD ¶ 103 (Comp. Gen. Apr. 22, 2009), at the Government Accountability Office ("GAO"). Yet GAO includes such testimony in its own published opinion. *See Access Sys., Inc.*, B-400623.3, 2009 CPD ¶ 56 (Comp. Gen. Mar. 4, 2009). More to the point, in the GAO testimony proposed for redaction, the SSA describes his trade-off analysis in broad terms, without reference to any information in the parties' specific proposals. *See* April 6, 2010 Opinion, pp. 30–31 (citing AR 31228–29). Without some explanation from the parties as to why this or other material should be redacted from the published opinion, the court cannot proceed.

Accordingly, in order to permit the court to conduct an informed balancing of the public's interest in access and the parties' putative private interests, the parties shall jointly file, by noon on Friday, April 23, 2010, a consolidated explanation for the proposed redactions. This consolidated explanation shall set forth, with specificity, the reasons why each proposed redaction constitutes proprietary, confidential, or competition-sensitive information, *see* Prot. Order at 1, or otherwise implicates a legitimate privacy interest of any party.

**IT IS SO ORDERED.**

*s/ Lawrence J. Block*
Lawrence J. Block
Judge