**REDACTED VERSION**

*Protected Information to Be Disclosed Only in Accordance
With the U.S. Court of Federal Claims Protective Order*

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
*Bid Protest*

| | |
|---|---|
| PlanetSpace Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09-476C |
| ) | Judge Block |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| Space Exploration Technologies ) | |
| Corporation and Orbital Sciences ) | |
| Corporation, ) | |
| ) | |
| Defendant-Intervenors. ) | |

**CONSOLIDATED RESPONSE OF PLANETSPACE INC. TO THE SUPPLEMENTAL MEMORANDA FILED BY THE UNITED STATES, SPACE EXPLORATION TECHNOLOGIES CORPORATION, AND ORBITAL SCIENCES CORPORATION**

In accordance with the Court's May 10, 2010 Scheduling Order, PlanetSpace submits this consolidated response to the June 14, 2010 supplemental memoranda filed by the Government, SpaceX, and Orbital.

In its own June 14, 2010 memorandum, PlanetSpace demonstrated that the record still does not show that the SSA made the required trade-off analysis, and instead demonstrates that he made an impermissible responsibility determination. Nothing in the other parties' supplemental memoranda alters that conclusion. The Court should accordingly enter judgment for PlanetSpace on Counts I and II of the complaint.

1

**I.    The Remand Declaration Fails Either To Establish That The SSA Made A Proper Trade-Off Analysis Between Orbital And PlanetSpace, Or To Overcome The Conclusion That The SSA Made A *De Facto* Nonresponsibility Determination.**

As established in PlanetSpace's June 14 supplemental memorandum, the remand declaration simply attempts to re-cast statements from the Source Selection Statement regarding PlanetSpace's ability to perform an ISS CRS contract into statements regarding alleged deficiencies in PlanetSpace's proposal.  *See* PlanetSpace Supp. Mem. at 4-5 (explaining that the SSA accomplished this shift with a simple change of words -- substituting the term "proposal" where he had previously referred directly to PlanetSpace).  Moreover, the SSA also fails to explain, much less acknowledge, the various other portions of the Source Selection Statement in which he explicitly questioned PlanetSpace's ability, as a company, successfully to perform an ISS CRS contract.  *Id.* at 5-7.

The SSA's remand declaration cannot be seen as consistent with the contemporaneous procurement record, which contains numerous statements of purported doubt concerning PlanetSpace, its management, financial resources, and capability to satisfy the Government's requirements.  *See* Aug. 28, 2009 PlanetSpace Mem. at 16-18 (detailing the SSA's purported justifications for rejecting PlanetSpace, and explaining how they related directly to the company and its responsibility).

This court has consistently refused to consider post-protest explanations that do more than simply fill in previously unrecorded details of contemporaneous conclusions and are not consistent with the contemporaneous record.  *See Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L. v. United States*, 56 Fed. Cl. 502, 510-11 (2003) (court may only consider a post-protest explanation that "simply fills in previously unrecorded details of contemporaneous conclusions" and is "credible and consistent with the contemporaneous record" (citations & internal quotation marks omitted)); *Ryder Move Mgmt., Inc. v. United States*, 48 Fed. Cl. 380,

392 (2001) (court may "consider post-protest explanations, *so long as* those explanations are credible and consistent with the rationality of selection decisions." (emphasis added; citation & internal quotation marks omitted)); *accord Navistar Def., LLC; BAE Systems, Tactical Vehicle Sys. LP*, B-401865, Dec. 14, 2009, 2009 CPD ¶ 258 at 6 (citing *NWT, Inc.; PharmaChem Labs., Inc.*, B-280988, Dec. 17, 1998, 98-2 CPD ¶ 158 at 16); *Sayed Hamid Behbehani & Sons, WLL*, B-288818.6, Sept. 9, 2002, 2002 CPD ¶ 163 at n.2 (citing *NWT*, 98-2 CPD ¶ 158).

The Government and Orbital each devote substantial portions of their supplemental memoranda simply to explaining what the SSA said in his five page remand declaration.  *See* Gov't Supp. Mem. at 7-11; Orbital Supp. Mem. at 3-6.  The Government then asserts that the declaration "bolsters [the SSA's] prior explanations of his trade-off rationales leading up to Contract Award" (Gov't Supp. Mem. at 7), while Orbital contends that "[t]he SSA's Declaration conclusively demonstrates that he engaged in a thorough tradeoff analysis" (Orbital Supp. Mem. at 1).  However, just as in the SSA's remand declaration itself, the Government, SpaceX, and Orbital make absolutely no attempt to reconcile the many inconsistencies between the declaration and the SSA's prior contemporaneous statements.  These inconsistencies require this Court to reject the SSA's post-protest explanation.

Indeed, the Government's supplemental memorandum is as much an attack on this Court's April 6 ruling as anything else, in that it tries to argue that the procurement record before the Court all along contains a proper trade-off analysis.  The Government asserts that the SSA in his Source Selection Statement "provided a comprehensive explanation for his decision to select SpaceX's and Orbital's proposals over that of PlanetSpace."  Gov't Supp. Mem. at 4; *see also id.* at 6 (stating that in his Source Selection Statement, "the SSA reasoned . . . the benefits of Orbital's proposal outweighed PlanetSpace's apparent price advantage").  To support

these claims, the Government points to page 17 of the Source Selection Statement, *id.* (citing AR 5181), which as the Court previously observed, contains "the only section of the source selection decision that that provides any *explicit* documentation of a trade-off analysis and it spans but a single pertinent paragraph." *PlanetSpace Inc. v. United States*, No. 09-476C, __ Fed. Cl. __, 2010 WL 1783243, at *22 (Fed. Cl. Apr. 6, 2010) (italics in original).  However, the Court has already held in its April 6 decision that this brief section is not sufficient to counter the evidence in the Source Selection Statement that "the SSA *may* have failed to perform a trade-off analysis altogether" when he decided to select Orbital over PlanetSpace.  *Id*. at *23 (italics in original).

Ignoring the Court's April 6 ruling, the Government reconstructs the Source Selection Statement on pages 4 through 6 of its supplemental memorandum in what appears to be one more attempt to argue that the statements contained in the Source Selection Statement demonstrate that the SSA undertook a proper trade-off analysis.  The Government attempts the same with the SSA's testimony before the GAO -- asserting that "[t]he SSA elaborated upon his trade-off rationales" in his testimony before the GAO (Gov't Supp. Mem. at 6), despite the fact that the Court previously ruled that this testimony "further muddies the waters" regarding what, if any, trade-off analysis was performed (*PlanetSpace*, 2010 WL 1783243, at *27).  Indeed, the Government's supplemental memorandum simply glosses over the many "troubling" statements in the GAO's testimony regarding his purported trade-off analysis.  *Id.* at *27-*28 (detailing the various portions of the SSA's GAO testimony that "further mudd[y] the waters").

The Court should reject this attempt to repackage the Source Selection Statement and subsequent GAO testimony in a manner that plainly ignores key statements in the record.

4

## II. The Government, SpaceX, And Orbital Fail To Excuse NASA's Violation Of Its Own Procurement Regulations, Or The SSA Apparent Reliance On The Pre-Award Survey Team's Assessment Of PlanetSpace's Responsibility.

There is no dispute that on December 11, 2008, the SSA was improperly given access to information gathered through a Pre-Award Survey of the three ISS CRS offerors, including the conclusion of the Survey team that PlanetSpace XXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXX, and "could not meet the responsibility standards laid out in FAR 9.104-1." *PlanetSpace*, 2010 WL 1783243, at *25 (citing AR 2600-01). There is also no dispute that the NASA official providing the SSA with access to the Survey team's work intended for him to "consider [it] . . . when evaluating the offerors' proposals." *Id.* (citing AR 16683).

The Government argues that the Pre-Award Survey "played no role in the SSA's opinions or conclusions," asserting that the SSA, in his remand declaration, "stated unequivocally that he did not use the results of the Pre-Award Survey." Gov't Supp. Mem. at 12. However, this contention mischaracterizes the SSA's declaration, in which he simply stated that he *did not consider or rely on the* Pre-Award Survey *report* that was forwarded to him on December 11 in making his selection decisions. *See* May 3, 2010 Decl. of William H. Gerstenmaier ("SSA Decl.") ¶ 15. This report concerned just one part of the Pre-Award Survey -- Financial Resources Analysis of the Offerors. *See* AR 2596-619. The administrative record evidences that SSA had access to other Pre-Award Survey information, including the deliberations of the Survey team as it considered the elements and viability of PlanetSpace's financial plan. *See* Dec. 8, 2008 E-mail from A. Lindenmoyer to the W. Gerstenmaier, AR 20047 (describing a presentation by the Pre-Award Survey team in which the team identified flaws in PlanetSpace's financial plan). The record also evidences that the SSA reviewed and

claimed to have understood the information that had been improperly shared with him on December 8. *Id.* ("I think I understand….").

Furthermore, as PlanetSpace pointed out in its June 14 supplemental memorandum, the SSA's statement in his remand declaration that he "did not consider or rely on" the December 11 Pre-Award Survey report in making his selection decisions (SSA Decl. ¶ 15) does not account for the striking similarities between the Source Selection Statement and the information contained in the report. *See* PlanetSpace Supp. Mem. at 9-10 (explaining that the SSA's concerns about PlanetSpace's business case if NASA decided not to order the initial Atlas 511 mission appear to be drawn directly from the Pre-Award Survey report sent to the SSA on December 11; *comparing* SSA at 13, AR 5177, *with* AR 2609).

The SSA's one sentence statement in the remand declaration regarding the Pre-Award Survey report that was improperly sent to him on December 11 for his use in making his selection decision (at ¶ 15) is insufficient to quell the heighten concerns express by the Court in his April 6 ruling, or demonstrate that the SSA's evaluation and assessment of PlanetSpace was not influenced by the Pre-Award Survey information.

\* \* \*

Because the procurement record shows that the SSA made a *de facto* and impermissible non-responsibility determination as to PlanetSpace, and awarded a contract to the highest priced, lowest rated offeror without making a proper trade-off, the Court should enter judgment for PlanetSpace on Counts I and II of the complaint, and remand this case to NASA to seek a certificate of competency from the SBA.

                                    Respectfully submitted,

                                    s/ Steven J. Rosenbaum
                                    Steven J. Rosenbaum
                                    *Counsel of Record*
                                    Scott A. Freling
                                    Covington & Burling LLP
                                    1201 Pennsylvania Avenue, N.W.
                                    Washington, D.C.  20044
                                    (202) 662-5568
                                    (202) 778-5568 fax
                                    srosenbaum@cov.com

June 28, 2010                        *Counsel for Plaintiff PlanetSpace Inc.*