# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
*Bid Protest*

| | |
|---|---|
| PlanetSpace Inc., )<br>    )<br>    Plaintiff, )<br>    )      No. 09-476C<br>    )      Judge Block<br>  v. )<br>    )<br>United States of America, )<br>    )<br>    Defendant, )<br>    )<br>Space Exploration Technologies )<br>Corporation and Orbital Sciences )<br>Corporation, )<br>    )<br>    Defendant-Intervenors. )<br>_____) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff PlanetSpace Inc. submits this Notice of Supplemental Authority to bring to this Court's attention the attached July 20, 2010 decision of the Government Accountability Office ("GAO") in *System Engineering International, Inc.*, B-402754, sustaining a bid protest because the procuring agency failed to conduct a proper trade-off analysis between price and technical considerations.

In *System Engineering*, the agency performed a trade-off analysis between the two offerors with the highest technical ratings, but did not consider any of the lower rated offerors that had submitted less expensive, yet technically acceptable proposals. GAO held that, even though price was stated to be of less importance than non-price factors, the agency was required to include these lower-priced offerors in its trade-off analysis; perform a trade-off between price and non-price factors; and consider whether the awardee's more expensive proposal indeed presented the best value to the Government. GAO explained that "before an agency can select a

1

higher-priced quotation that has been rated technically superior to a lower-priced but acceptable quotation, the award decision must be adequately documented and supported by a rational explanation of *why the higher-rated quotation is, in fact, superior, and explain why its technical superiority warrants paying a price premium.*" *Id.* at 5 (emphasis added) (citing *ACCESS Sys., Inc.*, B-400623.3, Mar. 4, 2009, 2009 CPD ¶ 56 at 7).  GAO further concluded that the agency's failure to conduct an adequate trade-off analysis prejudiced the protester, even though its proposal had been assigned a marginal rating for non-price factors, because the protester's lowest price quotation "might have been viewed as the best value quotation on that basis even with a marginal rating." *Id.*

In the present case, the contemporaneous procurement record is devoid of any consideration of whether Orbital's higher priced, lower rated proposal presented a better value to the Government when compared with the lower priced, higher rated proposal from PlanetSpace. Accordingly, as PlanetSpace has argued, NASA either failed to carry out its obligation to perform an adequate trade-off analysis, or it made an impermissible responsibility determination.

Respectfully submitted,

s/ Steven J. Rosenbaum
Steven J. Rosenbaum
*Counsel of Record*
Scott A. Freling
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20044
(202) 662-5568
(202) 778-5568 fax
srosenbaum@cov.com

July 28, 2010                              *Counsel for Plaintiff PlanetSpace Inc.*