

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:**  System Engineering International, Inc.

**File:**  B-402754

**Date:**  July 20, 2010

Martin Grolnic for the protester.
Jeffrey M. Herrema, Esq., Environmental Protection Agency, for the agency.
Linda C. Glass, Esq., and Sharon L. Larkin, Esq., Office of the General Counsel, GAO, participated in the preparation of the decision.

## DIGEST

In a best value procurement for maintenance services, protest is sustained where the record shows that the agency performed a tradeoff between two higher-rated, higher-priced quotations, but did not consider, in its tradeoff decision, the lower prices submitted by other lower-rated vendors, whose quotations were nonetheless found to be technically acceptable.

## DECISION

System Engineering International, Inc. (SEI), of Frederick, Maryland, protests the issuance of a purchase order to M.C. Dean, Inc., of Dulles, Virginia, under request for quotations (RFQ) No. PROAGAS-7UPMA7, issued by the Environmental Protection Agency (EPA) for preventive maintenance services for uninterrupted power systems and power distribution units associated with EPA's information technology infrastructure.  SEI challenges the evaluation of its quotation and the selection of a higher-priced quotation for the order.[1]

We sustain the protest.

---

[1] The protester is not represented by counsel who could seek admission to a protective order.  Accordingly, our discussion of some aspects of the procurement is general in nature in order to avoid disclosure of non-public information.  Our conclusions, however, are based on our review of the entire record, including non-public information.

BACKGROUND

On January 29, 2010, the EPA posted a combined synopsis/solicitation on the FedBizOpps.gov website.  The RFQ requested quotations to provide maintenance and emergency services to maintain the uninterrupted power systems and power distribution units at EPA facilities in the Washington, D.C. area.  The subject services consist of semi-annual preventive maintenance services, battery replacement services, and emergency and non-emergency repairs.  RFQ at 24-27.  Among other requirements, the selected vendor was to provide a 30-minute maximum call back time, and an on-site emergency response within 4 hours of a call, 7 days a week, 24 hours a day.  Id. at 24.

The RFP contemplated the placement of fixed-price and time-and-materials orders, with a period of performance from the date of award through January 31, 2001.  Id. at 25.  The RFQ stated that quotations would be evaluated on a best value basis considering the following factors, listed in descending order of importance: technical approach, personnel/experience, and past performance.  The RFQ stated that the three evaluation factors combined were more important than price.  Id. at 29.

For the technical approach evaluation factor, vendors were to demonstrate the extent and depth of their technical knowledge of, understanding of, and approach to the requirements in the RFQ's statement of work.  For the personnel/experience evaluation factor, vendors were to provide key personnel resumes to include the following information:  professional qualifications, education, and relevant experience managing specified tasks similar to those required here.  Vendors were also required to provide a list of all subcontractors and demonstrate their and their subcontractors' relevant management and technical project experience.  For the past performance evaluation factor, vendors were required to demonstrate successful performance on contracts completed during the past 3 years and those currently in process for work similar in scope and complexity to the requirements of the RFQ. Id.

On February 23, 10 quotations were received in response to the RFQ.  However, since many of the vendors failed to submit separate technical and price submissions as required by the RFQ, all 10 vendors were requested to submit revised quotations. Eight vendors submitted revised quotations and two vendors requested that the EPA evaluate their original submission.  Contracting Officer's Statement at 1-2.

All 10 quotations, including SEI's and M.C. Dean's, were evaluated by a single evaluator.  The evaluator assigned adjectival ratings to quotations for each of the evaluation factors, which formed the basis of an overall rating.  Possible adjectival ratings were:  exceptional, very good, satisfactory, marginal, unsatisfactory, and totally deficient.  As relevant here, marginal was defined as:

> Information related to the factor is incomplete, unclear, or indicates an inadequate approach to, or understanding of the factor. The technical evaluation team believes there is [a] question as to whether the offeror would be able to perform satisfactorily.

Agency Report (AR), Tab N, Technical Evaluation Assessment Form, at 1. Unsatisfactory was defined as:

> The factor is addressed, but contains deficiencies and/or weaknesses that can be corrected only by major or significant changes to relevant portions of the quotation, or the factor is addressed so minimally or vaguely that there are widespread information gaps. In addition, because of the deficiencies, weaknesses, and/or information gaps, serious concerns exist on the part of the technical evaluation team about the offeror's ability to perform the required work.

Id. Totally deficient was defined as, "The factor is not addressed, or is totally deficient and without merit." Id.

SEI's quotation was rated marginal overall, based on marginal ratings for the technical approach and personnel/experience evaluation factors and a very good rating for the past performance factor. The marginal ratings were attributable to SEI's failure to adequately address several RFQ requirements, such as the 30-minute call-back time, replacing air filters, or providing timelines for battery replacement. The evaluator also found that SEI did not sufficiently address how it planned to staff one of the tasks or provide supervisory oversight in most task areas, and that the personnel resumes lacked information and were "riddled with typos, spelling errors, and inconsistencies." AR, Tab N, Technical Evaluation Assessment Form, at 2-3.

Of the remaining quotations, the evaluator found three quotations to be unsatisfactory or totally deficient and did not further consider those quotations for award. Four other quotations were rated satisfactory, and two were rated very good. With regard to price, SEI's marginal quotation was the lowest in price, two satisfactory quotations were the next lowest in price, the very good quotations were the fourth and fifth lowest in price, and two other satisfactory quotations were the highest in price. Id.

In performing a price/technical tradeoff, the agency did not include SEI's quotation, or several other low-priced quotations with ratings above unacceptable, in the tradeoff decision. Instead, the agency made a tradeoff decision between only the two quotations that were rated very good. Without any comparative analysis documented in the contemporaneous evaluation record, the evaluation team concluded that M.C. Dean represented the best value to the government and recommended that a purchase order be issued to M.C. Dean in the amount of $77,412.00. AR, Tab G, Price Evaluation Report, at 1. The contracting officer, who

was the source selection authority, agreed and a purchase order was issued to M.C. Dean on April 7. After SEI received a debriefing, it filed this protest with our Office.

DISCUSSION

SEI argues that the marginal rating assigned to its quotation was too low, and that the agency failed to give any consideration to its lower price.[2]

Our Office reviews challenges to an agency's technical evaluation to determine whether the agency acted reasonably and in accord with the solicitation's evaluation criteria and applicable procurement statutes and regulations. Integrate, Inc., B-296526, Aug. 4, 2005, 2005 CPD ¶ 154 at 3. It is a vendor's burden to submit an adequately written quotation and it runs the risk that its quotation will be evaluated unfavorably where it fails to do so. Id.

On the record before us, we find no basis to question the agency's evaluation of SEI's quotation as marginal. In this regard, the record shows that SEI's quotation failed to adequately discuss RFQ requirements, such as the 30-minute emergency response time, annual replacement of air filters, and certain staffing issues. AR, Tab N, Technical Evaluation Assessment Form, at 2-3; Contracting Officer's Statement at 4-5. Although SEI contends that the marginal rating was unreasonable because the firm did not take exception to any of the requirements in the RFQ, as noted above, it is the vendor's burden to submit an adequately written quotation, and where it fails to do so, its disagreement with the agency's judgment does not render the judgment unreasonable. Integrate, Inc., supra, at 3-4.

Notwithstanding the reasonableness of the marginal rating assigned to SEI's quotation, we sustain the protest because the record does not demonstrate that the agency performed an adequate price/technical tradeoff or considered SEI's low price in the evaluation.

In a best value procurement, such as the one here, it is the function of the source selection authority to perform a tradeoff between price and non-price factors to determine whether one quotation's superiority under the non-price factors is worth a higher price. e-LYNXX Corp., B-292761, Dec. 3, 2002, 2003 CPD ¶ 219 at 7. Even where, as here, price is stated to be of less importance than the non-price factors,

---

[2] The protester also argues that the RFQ failed to provide the weight to be given the evaluation factors. This allegation is untimely raised because it concerns a solicitation impropriety that should have been protested prior to the receipt of quotations. Bid Protest Regulations, 4 C.F.R. § 21.2(a)(1) (2010). Moreover, as stated above, the RFQ specifically provided that the evaluation factors were listed in descending order of importance and that the non-price evaluation factors when considered together were more important than price. RFQ at 29.

an agency must meaningfully consider cost or price to the government in making its selection decision. Id. Specifically, before an agency can select a higher-priced quotation that has been rated technically superior to a lower-priced but acceptable quotation, the award decision must be adequately documented and supported by a rational explanation of why the higher-rated quotation is, in fact, superior, and explain why its technical superiority warrants paying a price premium. ACCESS Sys., Inc., B-400623.3, Mar. 4, 2009, 2009 CPD ¶ 56 at 7.

Here, the contemporaneous record lacks documentation of an adequate tradeoff analysis and consideration of lower-priced, but acceptable, quotations. In this regard, the agency performed a price/technical tradeoff between only the two quotations with the highest ratings under the non-price factors. Specifically, the agency did not consider any of the satisfactory-rated quotations or SEI's marginal-rated quotation in its tradeoff analysis, even though at least three of those quotations (including SEI's) were lower in price than the awardee's quotation. Although SEI's quotation received a marginal rating, there is no evidence the agency considered the protester's quotation to be technically unsatisfactory, or too deficient to be considered for award. As such, it should have been included in the tradeoff analysis. See ACCSSS Sys., Inc., supra. Based on this record, we find that the agency failed to conduct an adequate price/technical tradeoff and that this failure prejudiced SEI, given that its quotation was the lowest in price and might have been viewed as the best value quotation on that basis even with a marginal rating.[3]

RECOMMENDATION

We recommend that the agency perform and document a new price/technical tradeoff analysis. If M.C. Dean's quotation is not found to reflect the best value to the government, the agency should terminate the purchase order for the convenience of the government and issue a purchase order to the vendor whose quotation is determined to be the best value to the government. We also recommend that SEI be reimbursed its reasonable costs of filing and pursuing the protest. Bid Protest

---

[3] Although the contracting officer, in response to the protest, explained why SEI's marginal-rated quotation would not have been selected for award, notwithstanding its low price, Contracting Officer's Statement at 7, the contracting officer's analysis is not reflected anywhere in the contemporaneous record. Accordingly, we give little weight to this post-hoc analysis. Boeing Sikorsky Aircraft Support, B-277263.2, B-277263.3, Sept. 29, 1997, 97-2 CPD ¶ 91 at 15.

Regulations, 4 C.F.R. § 21.8(d)(1) (2010).  The protester's certified claims for such costs, detailing the time expected and costs incurred, must be submitted directly to the agency within 60 days after receipt of this decision.  4 C.F.R. § 21.8(f)(1).

The protest is sustained.

Lynn H. Gibson
Acting General Counsel