IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PLANETSPACE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-476 C |
| ) | (Judge Lawrence J. Block) |
| THE UNITED STATES OF AMERICA, ) | BID PROTEST |
| ) | |
| Defendant, ) | |
| ) | |
| SPACE EXPLORATION ) | |
| TECHNOLOGIES CORPORATION, ) | |
| ) | |
| Intervenor, and ) | |
| ) | |
| ORBITAL SCIENCE CORPORATION, ) | |
| ) | |
| Intervenor. ) | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Rule 7 of the Rules of the Court of Federal Claims, defendant, the United States, respectfully submits this response to the Notice of Supplemental Authority filed by PlanetSpace, Inc. ("PlanetSpace") on July 28, 2010.

Plaintiff cites as supplemental authority the Government Accountability Office ("GAO") decision in System Engineering International, Inc., B-401754, 2010 WL 2861120 (Comp. Gen. July 20, 2010). In System Engineering, the GAO sustained a protest where "the agency did not include [the protestor's] quotation, or several other low-priced [acceptable] quotations, in the trade-off decision." Id. at *3. Plaintiff maintains that these facts compare favorably to this matter because "the contemporaneous procurement record is devoid of any consideration of whether Orbital's higher priced, lower rated proposal presented a better value to the Government when compared with the lower priced, higher rated proposal from PlanetSpace." Pl. Notice at 2.

Plaintiff's citation to System Engineering as authority is inapt because the agency's conduct in that matter bears no resemblance to NASA's conduct in this case. First, as to this case, plaintiff misstates the record when it asserts that PlanetSpace had the "higher rated proposal." Id. Indeed, PlanetSpace's proposal was so infected by fundamental technical errors and management shortcomings that NASA assessed there existed a "low likelihood that PlanetSpace could successfully perform the contract." AR5181. Contrary to plaintiff's assertion that PlanetSpace had the "higher rated proposal," NASA in fact concluded that Orbital's proposal was "superior due to the serious Management risks inherent in the PlanetSpace proposal." Id.. This statement also renders counterfactual plaintiff's statement that the record was "devoid of any consideration" of a trade-off analysis. Cf. AR5179-81.

Second, System Engineering does not aid plaintiff's case. There the GAO advanced the unremarkable proposition that, in a best-value procurement, "the award decision must be adequately documented and supported by a rational explanation of why the higher-rated quotation is, in fact superior, and explain why its technical superiority warrants paying a price premium." B-402754 at *3. The GAO sustained the protest because the agency failed entirely to conduct trade-off analyses of lower-priced quotations. Id. Therefore, the agency's conduct in System Engineering contrasts sharply with the agency's actions in this case, where NASA's trade-off analyses was explicated on three separate occasions: (1) in the Source Selection Statement, see Def. June 14, 2010 Brief at 4-6; (2) at the GAO, see id. at 6-7; and (3) on remand. See id. at 7-11.

For these reasons, plaintiff's notice of supplemental authority is unhelpful.

Respectfully submitted,

TONY WEST
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

OF COUNSEL:

STACEY K. GRIGSBY
Trial Attorney

VINCENT A. SALGADO
Senior Attorney
Office of General Counsel
NASA Headquarters

s/ William G. Kanellis
WILLIAM G. KANELLIS
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone:   (202) 353-0526
Facsimile:   (202) 514-8640

Dated:   July 28, 2010

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 28, 2010, a copy of "DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ William G. Kanellis