PUBLIC VERSION

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
*Bid Protest*

| | |
|---|---|
| PlanetSpace Inc., )<br> )<br>       Plaintiff, )<br> )<br> )<br> )<br>       v. )<br> )<br>United States of America, )<br> )<br>       Defendant, )<br> )<br>Space Exploration Technologies )<br>Corporation and Orbital Sciences )<br>Corporation, )<br> )<br>       Defendant-Intervenors )<br> ) | No. 09-476C<br>Judge Block |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING TO INFORM THE COURT OF DEVELOPMENTS BEARING ON THE PUBLIC INTEREST AND ON PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF**

PlanetSpace established in its motion for leave that the NASA Authorization Act, which officially extends the life of the International Space Station from 2016 until at least 2020, and sets the Space Shuttle's retirement for the middle of 2011, leaves NASA even more dependent on the commercial space transportation industry as the primary means of shuttling cargo to and from the International Space Station. (*See* Pl. Mot. 1-3). PlanetSpace also established that this extension of International Space Station operations gives NASA the right, under the Commercial Resupply Contracts at issue in this litigation, to re-schedule the mission dates for the commercial transport missions. (*Id.* at 2 & n.3).

The Government's response does not contest these facts, which clearly undercut the Government's principal objection to injunctive relief: that an injunction is not in the public interest because it was "extremely doubtful" that PlanetSpace, if awarded a contract as a result of a remand, could provide these services by the scheduled completion dates.[1]

The Government nonetheless persists in suggesting that the potential that NASA might decide on remand to make a contract award to PlanetSpace could put the International Space Station program at risk. (Gov. Resp. 4-5). But it never explains how that could be so. The fact that NASA now may change the delivery dates of the commercial transport missions relieves the time pressure that was (and continues to be) the central premise of the Government's objection to injunctive relief. If NASA were to decide on remand to make a contract award to PlanetSpace, the agency would have the undisputed right to adjust mission dates to address the agency's requirements.

The Government's only response to this point is that "it is far from certain that any contract deadlines will change as a result of the NASA Authorization Act." (Gov. Resp. 2). The Government's response misses the point -- as a result of the NASA Authorization Act, the agency now has the power to relieve the time pressure that the Government's asserts stands in the way of injunctive relief in this case. Whether it is "certain" that NASA will do so is irrelevant.[2]

---

[1] Sept. 18, 2009 Defendant's Response to Plaintiff's Motion for Judgment Upon the Administrative Record, and Cross Motion for Judgment Upon the Administrative Record, at 47.

[2] The Government's response does not dispute that there are serious questions surrounding the ability of SpaceX and Orbital to meet scheduled completion dates under their respective Commercial Resupply Services contracts. *See* Pl. Mot. at n.7; *see also* Gov't Resp. at 4 (acknowledging that SpaceX and Orbital "are somewhat behind on their current deadlines").

Lacking any substantive response to PlanetSpace's motion, the Government attempts to distract the Court with a lengthy argument predicated on the factually inaccurate proposition that PlanetSpace is asking that the Court order NASA to award a contract to PlanetSpace. (*See* Gov. Resp. 2-3). To the contrary, as PlanetSpace has previously made clear, "PlanetSpace continues to seek a remand to NASA for a reprocurement, during which NASA can consider a third award. PlanetSpace has not asked the Court to enjoin contract performance during this reprocurement, nor has it asked the Court to compel NASA to issue a third award." (Feb. 22, 2010 Plaintiff's Reply Brief in Support of its Motion for Leave to File a Supplemental Pleading, at 3).

Because the NASA Authorization Act is directly relevant to this Court's assessment of the public interest, and this Court should grant PlanetSpace's motion for leave to file a supplemental pleading.

    Respectfully submitted,

    s/ Steven J. Rosenbaum
    Steven J. Rosenbaum
    *Counsel of Record*
    Scott A. Freling
    Covington & Burling LLP
    1201 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004
    (202) 662-5568
    (202) 778-5568 fax
    srosenbaum@cov.com

November 1, 2010    *Counsel for Plaintiff PlanetSpace Inc.*